UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | | |
|---|---|---|---|
| JESSICA L. MYRICK, | ) | | |
| | ) | | |
| Petitioner, | ) | Case Nos. | 4:12-CV-36-HSM-CHS |
| | ) | | 4:11-CR-13-02-HSM-CHS |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| | ) | | |

## MEMORANDUM AND ORDER

Petitioner Jessica L. Myrick ("Petitioner"), a federal prisoner, filed a pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") [Doc. 198].[1] Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion [Doc. 230]. For the reasons that follow, the Court finds an evidentiary hearing is not necessary and DENIES the 2255 Motion.

**I.     STANDARDS**

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors constituting "fundamental defect[s] which

---

[1] All citations to the district court record are to the docket of Case No. 4:11-cr-13, which is the underlying criminal case.

inherently result[] in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348-49 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

## II.  ANALYSIS

On July 26, 2011, Petitioner was indicted on one count of conspiring to "knowingly, intentionally and without authority distribute 28 grams or more of a mixture and substance containing cocaine base (crack), and a mixture and substance containing a detectable amount of cocaine," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and (b)(1)(C) and 846

2

[Superseding Indictment, Count One, Doc. 34]. Petitioner pleaded guilty pursuant to a written plea agreement to conspiring to distribute more than twenty-eight grams of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) [Report and Recommendation, Doc. 40; Plea Agreement, Doc. 46]. Because of her prior felony drug conviction (*see* Doc. 38, § 851 Notice), petitioner was subject to a statutory mandatory minimum of 120 months' imprisonment, which this Court imposed in January 2012. [Judgment, Doc. 138]. Petitioner did not appeal but instead filed a timely petition pursuant to 21 U.S.C. § 2255 seeking relief in light of *DePierre v. United States*, 131 S. Ct. 2225 (2011) [Petition, Doc. 198]. Specifically, Petitioner contends that her "conviction for 841(b)(1) cannot stand" because the government failed to prove by scientific means, as required by *DePierre,* that the substance in question was crack cocaine [*Id.* at 1-2]. She also states she "was convicted of crime(s) for which she was neither charged, nor tried [;] as a result, [Petitioner's] conviction(s) fall outside the bound of permissible Judicial Action [sic] under basic due principles and is contrary to *DePierre*" [*Id.* at 2] (brackets added, parentheses original). In a letter filed subsequent to her § 2255 petition, she asked this Court to appoint counsel to evaluate whether she was entitled to relief in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013) [Letter, Doc. 220].

    *1. DePierre Issue*

In *DePierre v. United States*, 131 S. Ct. 2225 (2011), the Supreme Court held that the term "cocaine base" as used in 21 U.S.C. § 841(b)(1) referred not only to crack cocaine but also to cocaine in its chemically basic form. 131 S.Ct. at 2237. In her motion, Petitioner argues that "[a] fair reading of *DePierre* shows that the government must now establish the scientific identification of the substance (i.e., cocaine base, free base, or crack cocaine) to support a conviction and sentence," [Petition, Doc. 198 p.1]. Petitioner's reliance upon *DePierre* is

3

misplaced. The government does not have an obligation to offer scientific evidence to distinguish between different types of cocaine base, such as crack or free base. Rather, to support a conviction under §§ 846 and 841, the government needed to establish that Petitioner conspired to distribute a quantity of "cocaine base." Had Petitioner's case proceeded to trial, the government presumably would have introduced scientific evidence to demonstrate that the substance Petitioner was accused of distributing was, in fact, "cocaine base." Petitioner relieved the government of that burden when, pursuant to her plea agreement, she stipulated that she conspired to distribute more than twenty-eight grams of "cocaine base (crack)" in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) and she pled guilty to those charges. As part of the plea agreement, which Petitioner signed, she also acknowledged she was giving up the right to a trial [Plea Agreement, Doc. 46 p.3]. Further, Petitioner makes no argument that she did not enter into the plea agreement knowingly and voluntarily. Accordingly, based on the clear record before it, the Court finds Petitioner's argument that her sentence "cannot stand" under *DePierre* to be without merit.

*2. Alleyne Issue*

Petitioner moves the Court to appoint her counsel to assist her in pursuing relief pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). There is no constitutional right to counsel in a § 2255 proceeding. *See Early v. Lamanna*, 1999 WL 435156 at *4 (6th Cir. June 17, 1999) (unpublished); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991). However, pursuant to the rules governing § 2255 proceedings, a § 2255 movant is entitled to counsel when an evidentiary hearing is required in such proceeding. *See* Rule 8(c) of the Rules Governing Section 2255 proceedings for the United States District Court. In this case, the underlying facts are not disputed, and all issues can be

4

resolved on the record. Therefore, there is no need for an evidentiary hearing, and Petitioner's motion for appointment of counsel is DENIED.

Petitioner's quest for relief under *Alleyne v. United States*, 133 S.Ct. 2151 (2013) is likewise unavailing. (R. 220, Letter.). In *Alleyne*, the Supreme Court held "[f]acts that increase the mandatory minimum sentence are … elements and must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2158. However, *Alleyne* does not apply retroactively to cases on collateral review. *In re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014). Moreover, the Supreme Court explicitly iterated in *Alleyne* that "the fact of a prior conviction" is an appropriate subject for judicial fact-finding at sentencing. *Alleyne*, 133 S. Ct. at 2160 n.1 (referencing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). Petitioner does not contend that she was not previously convicted of a felony drug offense, and the record shows the government properly notified Petitioner's counsel that her sentence for the violation under 21 U.S.C. § 841(b)(1)(B) would be increased accordingly. Consequently, *Alleyne* does not provide any basis for granting relief to Petitioner.

## III. CONCLUSION

For the reasons stated herein, the Court finds no evidentiary hearing is necessary for this Motion brought pursuant to 21 U.S.C. § 2255, and the Court concludes on the basis of the record before it that Petitioner is not entitled to relief. Her 2255 Motion is therefore DENIED.

SO ORDERED.

ENTER.

             */s/ Harry S. Mattice, Jr.*
             HARRY S. MATTICE, JR.
             UNITED STATES DISTRICT JUDGE